UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
JERMELL SIMS,                                                      :
                                                                   :
                              Plaintiff,                           :
                                                                   :         **INITIAL REVIEW**
             -against-                                             :         **ORDER RE:**
                                                                   :         **COMPLAINT**
STAMFORD CT, POLICE DEP'T, *et al.*,                               :
                                                                   :         24-CV-1053 (VDO)
                              Defendants.                          :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Jermell Simms, an unsentenced inmate incarcerated at Bridgeport Correctional Center[1], filed this case *pro se* pursuant to 42 U.S.C. § 1983 against five defendants, the Stamford Police Department, Sergeant Baker, and Police Officers Doe 1, Doe 2, and Doe 3. Plaintiff alleges that Defendants have violated his Fourth Amendment rights. He seeks only damages.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual allegations

---

[1] The Department of Correction website lists Plaintiff as an unsentenced inmate. *See* Department of Correction Inmate Information Search, http://ctinmateinfo.state.ct.us/detailsupv/asp?id_inmt_num=272639 (last visited July 15, 2024). The Court may take judicial notice of this website. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *United States v. Rivera*, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate locator information); *Ligon v. Dougherty*, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate locator information).

in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

## I. FACTUAL BACKGROUND

On September 16, 2023, Plaintiff was riding his bicycle in Stamford, Connecticut. ECF No. 1 at 5. When he pulled into a gas station, he was approached by Stamford police officers. *Id*. Defendants Officers Doe 1 and Doe 2 put Plaintiff in handcuffs and searched him; they found nothing illegal. *Id.*

Defendant Sergeant Baker told Plaintiff that another Stamford Police Sergeant reported seeing Plaintiff at the purple bridge making a hand-to-hand illegal narcotics sale. *Id.* at 6. Although Plaintiff denied any involvement, Sergeant Baker said Plaintiff would not be released as it was an ongoing police investigation. *Id.*

Officers Doe 1 and Doe 2 continued to search Plaintiff for narcotics but found nothing. *Id.* Sergeant Baker said that Plaintiff "likes to keep it in his ass," whereupon Plaintiff was again searched. *Id.* When nothing was found, Plaintiff was placed in a police cruiser and taken to the Stamford Police Department. *Id.* He was then strip-searched and released when nothing was found. *Id.*

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915A, courts must review prisoner civil complaints in which a prisoner seeks redress from a government entity and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (per curiam) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g., Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*,

3

550 U.S. at 555 (alteration in original). A statement of claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Harden v. Doe*, No. 19-CV-3839(CM), 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks and citation omitted).

### III.   DISCUSSION

Plaintiff states only "I know clearly that this was a violation of my fourth amendment." ECF No. 1 at 7. The Court considers whether Plaintiff has stated a plausible claim for illegal search and seizure against any defendant.

#### A.   Stamford Police Department

Plaintiff names the Stamford Police Department as a defendant. While a municipality is subject to suit under section 1983, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), a municipal police department is not a municipality. It is an agency of the municipality through which the municipality fulfills its policing function. Thus, a municipal police department is not subject to suit under section 1983. *See Johnson v. West Hartford Police Dep't*, No. 3:21-cv-413(CSH), 2022 WL 4356430, at *3 (D. Conn. Sept. 19, 2022) (dismissing claim against West Hartford Police Department and citing cases holding that municipal police departments are not persons within the meaning of section 1983 and, thus, not subject to suit). All claims against the Stamford Police Department are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Nor would Plaintiff's claims be cognizable if he were to name the City of Stamford as a defendant. "A municipality cannot be found liable merely because it employs a tortfeasor." *Mayo v. Doe*, 480 F. Supp. 3d 395, 402 (D. Conn. 2020) (citing *Monell*, 436 U.S. at 691).

To state a section 1983 claim for municipal liability, Plaintiff must allege facts showing that he suffered the violation of a constitutional right and that his injury was caused by an officially adopted policy or custom. *See Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007); *Monell*, 436 U.S. at 694. He must identify a municipal policy, a municipal custom or practice, or the decision of a municipal policymaker with final policymaking authority that caused his injury. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (plurality opinion). "[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy[.]" *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (collecting cases).

A municipal custom, which is less formal than a policy, may be shown by evidence of a practice "so widespread as to have the force of law." *Board of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (citing *Monell,* 436 U.S. at 690-91). A practice must be "permanent and well settled." *Praprotnik*, 485 U.S. at 127; *see also Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007) ("*Monell*'s policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions.") (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). A municipal custom cannot be inferred from a single incident. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985); *see also Giaccio v. City of New York*, 308 F. App'x 470, 471–72 (2d Cir. 2009) (dismissing *Monell* claim where plaintiff identified, at most, only four examples of similar alleged constitutional violations—"evidence fall[ing] far short of establishing a practice that is so persistent or widespread as to justify the imposition of municipal liability").

5

Plaintiff has identified only one example of allegedly unconstitutional conduct which is insufficient to state a plausible claim for municipal liability. Thus, even if he had named the City of Stamford as a defendant, the claim would be dismissed.

B.   **Remaining Defendants**

Plaintiff alleges that he was stopped by Officers Doe 1 and Doe 2, handcuffed, and repeatedly searched because a sergeant reported seeing Plaintiff making an illegal narcotics sale. He was then taken to the police station, strip-searched and released. Nothing was found during any search.

A seizure in violation of the Fourth Amendment occurs when police detain a person under circumstances in which a reasonable person would believe that he is not "free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). "Beginning with *Terry v. Ohio*, 392 U.S. 1 [(1968)], the [Supreme] Court has recognized that a law enforcement officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further." *Hiibel v. Sixth Judicial Dist. Ct. of Nev., Humboldt Cnty.*, 542 U.S. 177, 185 (2004). "To ensure that the resulting seizure is constitutionally reasonable, a *Terry* stop must be limited. The officer's action must be justified at its inception, and . . . reasonably related in scope to the circumstances which justified the interference in the first place." *Id.* (internal quotation marks omitted). "For example, the seizure cannot continue for an excessive period of time, or resemble a traditional arrest." *Id.* at 185–86 (citations omitted). "In assessing whether a detention is too long in duration to be justified as an investigative stop, . . . it [is] appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their

6

suspicions quickly, during which time it was necessary to detain the [suspect]." *United States v. Sharpe*, 470 U.S. 675, 686 (1985).

Plaintiff alleges that he was stopped and searched because a sergeant reported seeing Plaintiff participate in a narcotics sale. His initial stop and search appear to have been justified by this information. However, Plaintiff alleges that he was handcuffed and told he would not be released, and then was taken by police cruiser to the police station and strip-searched. These actions resemble an arrest, not merely an investigative detention under *Terry*.

Without further development of the record, the Court cannot determine whether Defendants' actions were justified or constituted an unreasonable seizure and search in violation of the Fourth Amendment. The case will proceed against Defendants Baker, Doe 1, and Doe 2.

However, Plaintiff does not allege that Officer Doe 3 participated in the search or seizure; he does not even mention Officer Doe 3 in his allegations. A plaintiff seeking damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (noting that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983"). Accordingly, any claim against Defendant Doe 3 is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### IV.   CONCLUSION

All claims against Defendants Stamford Police Department and Officer Doe 3 are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b). The Fourth Amendment claim will proceed against Defendants Baker, Doe 1, and Doe 2 in their individual capacities.

The Court enters the following additional orders.

(1)     **The Clerk shall** mail a waiver of service of process request packet containing the Complaint and this Order to Defendant Baker at the Stamford Police Department, 725 Bedford Street, Stamford, CT 06901, within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth day after mailing. If the defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the cost of such service.

(2)     **The Clerk shall** send Plaintiff a copy of this Order.

(3)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include all additional defenses permitted by the Federal Rules.

(4)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(5)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(6)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7)     If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)(2) provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated.

Plaintiff should write **PLEASE NOTE MY NEW ADDRESS** on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendants or the attorney for Defendants of his new address.

(8)     Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on Defendants' counsel by regular mail.

(9)     The Court cannot effect service on Defendants Doe 1 and Doe 2 without their full names. Plaintiff is directed to seek this information through discovery after Defendant Baker appears in this action and file a notice containing the names. Once Plaintiff identified Defendants Doe 1 and Doe 2, the Court will enter an order for service.

**SO ORDERED.**

Hartford, Connecticut
July 22, 2024

                                            /s/Vernon D. Oliver
                                            VERNON D. OLIVER
                                            United States District Judge